ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE                          E-FILED 1/31/13
Assistant United States Attorney
Chief, Criminal Division
GREGORY A. LESSER (STATE BAR NO. 186681)
Assistant United States Attorney
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California  90012
     Telephone:  (213) 894-6682
     Facsimile:  (213) 894-3713
     E-mail: Gregory.Lesser@usdoj.gov

Attorneys for Plaintiff/Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 12-06405-GHK |
| Plaintiff, | (CR 05-01157-GHK) |
| v. | [~~PROPOSED~~] **REVISED** ORDER: (1) AUTHORIZING DISCLOSURE OF CERTAIN ATTORNEY CLIENT COMMUNICATIONS AND RELIEVING DEFENSE COUNSEL FROM DUTY OF LOYALTY TO EXTENT NECESSARY TO DEFEND HIMSELF, (2) ESTABLISHING PROCEDURES FOR OBTAINING SUCH ATTORNEY CLIENT COMMUNICATIONS, AND (3) IMPLEMENTING PROTECTIVE ORDER FOR SUCH OBTAINED COMMUNICATIONS |
| EDWARD SEUNG OK, | |
| Defendant. | |

The Court has read and considered the motion filed by the government in this matter on September 28, 2012 (the "Motion"), the response of defendant Ok, filed November 20, 2012, and the government's reply thereto, filed December 10, 2012. The Court hereby finds that the Motion, which this Court incorporates by reference into this Order, demonstrates facts that support the requested order. Based on the facts set forth in the Motion:

THE COURT FINDS that defendant has waived the attorney-client privilege with respect to communications with his former

counsel, Roger J. Rosen, relevant to defendant's claim in this matter that Mr. Rosen provided ineffective assistance of counsel.

THEREFORE, IT IS HEREBY ORDERED:

(1) By no later than January 4, 2013, the United States Attorney's Office for the Central District of California ("the USAO") shall propound to Mr. Rosen interrogatories related to defendant's claim that Mr. Rosen provided ineffective assistance of counsel.

(2) By no later than February 1, 2013, Mr. Rosen shall provide the USAO with either (a) notice that defendant has elected to withdraw his ineffective assistance of counsel claim or (b) written responses, with supporting exhibits, if any, answering the interrogatories propounded by the USAO under penalty of perjury, or noting objections to those interrogatories as being beyond the scope of defendant's waiver, together with the reasons for any such objections.

(3) Within five business days after receiving Mr. Rosen's written answers to the interrogatory questions, the government may pose follow-up questions to Mr. Rosen. Any such follow-up questions shall be limited to clarifications or explanations of the answers set forth in Mr. Rosen's written responses, or relate to facts disclosed in those answers, and must be relevant to the allegations of ineffective assistance set forth in defendant's motion.

(4) Within ten business days after receiving the USAO's follow-up questions, Mr. Rosen shall provide the USAO with either (a) notice that defendant has elected to withdraw his ineffective assistance of counsel claim or (b) written responses, with

supporting exhibits, if any, answering the follow-up questions propounded by the USAO under penalty of perjury, or noting objections to those questions as being beyond the scope of defendant's waiver, together with the reasons for any such objections.

(5) Prior to providing any written responses to the USAO, Mr. Rosen shall send copies of the interrogatories and/or follow-up questions together with his proposed answers or objections to defendant.

(6) Defendant shall have an opportunity to provide written objections to any interrogatories and/or follow-up questions as being beyond the scope of the waiver, together with defendant's reasons for any such objections.  For interrogatories and/or follow-up questions not subject to objection, defendant shall be provided with the opportunity, if defendant does not want the answers to any such interrogatories and/or follow-up questions disclosed to the government, to choose to withdraw his ineffective assistance of counsel claim.

(7) The deadline for filing of the government's opposition to defendant's Petition shall be continued until March 15, 2013, and the deadline of the defense response shall be continued until April 15, 2013.  The Court will set a hearing date if it deems it necessary.

(8) The information disclosed in Mr. Rosen's written responses and any supporting exhibits will be considered confidential information and, absent further Court order, will not be disclosed by the USAO to any other law enforcement or prosecuting agency except as necessary to assist in the USAO's

litigation of defendant's ineffective assistance of counsel claim.  In addition, any pleadings referencing the information disclosed in Mr. Rosen's written responses will be filed under seal.  In addition, the information disclosed in Mr. Rosen's written responses will be used by the USAO only for the purpose of litigating defendant's ineffective assistance of counsel claim.  The protections of this paragraph shall remain in place even after litigation of defendant's ineffective assistance of counsel claim is completed.  The USAO is directed to provide a copy of this order to any individual who is provided access to the information disclosed in Mr. Rosen's written responses.

   IT IS SO ORDERED.

January 31, 2013
DATE                          THE HONORABLE GEORGE H. KING
                              CHIEF UNITED STATES DISTRICT JUDGE

Presented by:


           /s/
GREGORY A. LESSER
Assistant United States Attorney