**FILED: 2/10/14**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *United States of America*, <br><br> Plaintiff, <br><br> v. <br><br> *Edward Seung Ok*, <br><br> Defendant. | CASE NO. CV 12-6405-GHK <br> CR 05-1157-GHK <br><br> **ORDER (1) DENYING MOTION PURSUANT TO 28 U.S.C. SECTION 2255 AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

This matter is before us on Defendant Edward Seung Ok's motion pursuant to 28 U.S.C. § 2255 ("Motion"). We have considered Defendant's Motion, the Government's Opposition,[1] and Defendant's "Traverse." We rule as follows:

//

//

//

---

[1] Defendant filed a Motion for Notice of Default and Opportunity to Cure a few days after the Government's Opposition was filed. [Dkt. No. 25]. This Motion is **DENIED as moot**.

**I.     Background**

Defendant was charged with participating in a massive mortgage fraud scheme from June 2004 through August 2005. In June 2007, he signed a plea agreement in which he agreed to take all necessary steps to repatriate the defrauded funds from his off-shore bank account at the Bank of Nevis in St. Kitts, West Indies (the "Nevis Account"). Defendant never complied with these provisions of his plea agreement. Instead, he disbursed funds from the Nevis Account to a personal bank account under the name "Redondo Investments" (the "Redondo Investments Account"). On February 17, 2010, this Court found that Ok had willfully breached the terms of his plea agreement, and sentenced him to 180 months in prison.

Defendant's Motion asserts ineffective assistance of counsel. Specifically, he alleges that his former counsel, Roger J. Rosen, withheld documents from the USAO that would have granted the government access to Defendant's Nevis Account and allowed the government to repatriate the defrauded funds. Defendant further alleges that Rosen directed him to transfer funds from the Nevis Account to pay Rosen for his legal services.

**II.    Discussion**

Defendant cannot establish an ineffective assistance of counsel claim because he cannot show that he was prejudiced by his attorney's alleged conduct. To satisfy *Strickland*'s prejudice prong, Defendant must show a reasonable probability that he would have received a lesser sentence but for his counsel's deficient performance. *See Glover v. United States*, 531 U.S. 198, 203-04 (2001). This he cannot do.

We found Defendant had breached his plea agreement based on the Government's evidence that he had transferred $232,452.17 from the Nevis Account to his personal Redondo Investments Account between June 11, 2007 and February 13, 2008. Nothing

that Defendant alleges in his Motion contributed to this Court's determination that he breached his plea agreement. Defendant's Motion largely focuses on conduct that pre-dates his plea agreement. None of this conduct is material for our purposes because it necessarily had nothing to do with this Court's determination that Defendant breached his plea agreement. Because Defendant did not sign his plea agreement until June 11, 2007, only those transfers made after that date would have been material to any determination of whether he breached his plea agreement. Defendant's Motion only references three such disbursements: he alleges that he made transfers in the amounts of $10,765, $10,765, and $10,565 to accounts controlled by Rosen during the relevant time period. However, the Government made no allegations regarding these three disbursements in its Motion for Finding of Willful Breach of Plea Agreement. Accordingly, these disbursements cannot be causally linked to this Court's determination that Defendant had breached his plea agreement. Defendant could not have been prejudiced by these alleged transfers even if they had occurred as alleged.

Defendant's additional allegation that Rosen prevented him from providing the USAO with written authorization to obtain records and statements from the Nevis Account is also insufficient to establish ineffective assistance of counsel. Defendant fails to allege when he gave this alleged written authorization to Rosen. Nor does he provide a copy of it in his moving papers. In any event, even if this allegation were true, Defendant still independently breached his plea agreement on his own accord for his own personal purposes as evidenced by his transfer of $232,452.17 to his Redondo Investments Account after he signed his plea agreement. As a result, even if we were to assume that Defendant's allegation is true, he cannot show that but for Rosen's conduct, he would have received a lesser sentence. As the sentencing judge, we are fully aware of the myriad of considerations that figured in the sentence, and any alleged actions of Rosen would not have had any prejudicial effect on Defendant's sentence.

**III.   Conclusion**

Based on the foregoing, as well as the Government's Opposition, Defendant's Motion is **DENIED**. *See* 28 U.S.C. § 2255(b) (2255 motion can be denied without an evidentiary hearing where, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). We further conclude that Defendant has not made a substantial showing of any violation of his constitutional rights. Accordingly, we **DENY** issuance of a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**IT IS SO ORDERED**.

DATED: February 10, 2014

_____
GEORGE H. KING
Chief United States District Judge

4